UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00975 AG (JDEx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | RAHEL ASRAT v. CVS PHARMACY, INC. ET AL. | | |

| Present: The Honorable | ANDREW J. GUILFORD | |
|---|---|---|
| Lisa Bredahl | Not Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

**Proceedings:    [IN CHAMBERS] ORDER DENYING MOTION TO REMAND**

Plaintiff Rahel Asrat filed this employment discrimination and wrongful termination lawsuit, in the Orange County Superior Court, against Defendants CVS Pharmacy, Inc. and CVS Health Corporation. (Compl., Dkt. No. 1-1 at 4–12.) The complaint doesn't state a specific amount of damages, or otherwise contain monetary figures. Rather, Plaintiff seeks certain forms of general relief, like compensatory damages, exemplary or punitive damages, attorney fees, pre-judgment interest, and costs. (*Id.* at 13–14.) After receiving discovery responses regarding the amount in controversy, Defendants removed this case to federal court. (Notice of Removal, Dkt. No. 1 at 3–4.) Plaintiff now moves to remand, arguing that Defendants' notice of removal was untimely under 28 U.S.C. § 1441(b). The Court DENIES the motion to remand. (Dkt. No. 18.)

"Federal courts are courts of limited jurisdiction," and they possess "only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The Constitution provides, in Article III, § 2, that "[t]he judicial Power [of the United States] shall extend . . . to all Cases . . . between Citizens of different States." And Congress, in 28 U.S.C. § 1332(a), has authorized district courts to exercise jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States." Principles of federalism and judicial economy require courts to "scrupulously confine their [removal] jurisdiction to the precise limits which [Congress] has defined." *See Shamrock Oil & Gas Corp.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 17-00975 AG (JDEx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | RAHEL ASRAT v. CVS PHARMACY, INC. ET AL. | | |

*v. Sheets*, 313 U.S. 100, 109 (1941). As this Court has often stated, "[n]othing is to be more jealously guarded by a court than its jurisdiction." *See United States v. Ceja-Prado*, 333 F.3d 1046, 1051 (9th Cir. 2003) (internal quotation marks omitted).

To start, the Court must consider whether subject matter jurisdiction exsits. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter."). First, both sides of this lawsuit are "completely diverse." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Plaintiff is a citizen of California, while Defendants are either citizens of Delaware or Rhode Island. (Notice of Removal, Dkt. No. 1 at 3–4.) Second, Defendants have shown, by a preponderance of the evidence, that the amount-in-controversy requirement has been satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Plaintiff stated that her damages include lost wages of at least $84,000 from 2015 to 2017, and lost benefits of $1,000 per month. (Anderton Decl., Dkt. No. 4 at 1–2, Ex. D.) The parties don't dispute those jurisdictional basics. (*Compare* Mot. to Remand, Dkt. No. 18 at 1, *with* Opp'n, Dkt. No. 19 at 5, *and* Reply, Dkt. No. 22 at 2–3.)

Next, the Court considers whether the notice of removal was timely. Congress has provided two windows to remove a civil action to federal court: First, a defendant may file a notice of removal "within 30 days after the receipt . . . of a copy of the initial pleading setting forth the claim for relief." 28 U.S.C. § 1446(b)(1). Second, if the case is not removable at first blush, then a defendant may file a notice of removal "within 30 days after receipt . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3). Generally, however, "[a] case may not be removed . . . on the basis of [diversity] jurisdiction . . . more than 1 year after commencement of the action." *Id.* § 1446(c).

Plaintiff argues that Defendants' notice of removal was "untimely" because, in her view, the original complaint "made it abundantly clear that the amount in controversy exceeded $75,000" and "Defendants waited nine months after service" to remove this case. (Mot. to Remand, Dkt. No. 18 at 1.) Plaintiff also suggests that there were jurisdictional "red flag[s]" that should have prompted Defendants to further "investigate the basis for removal." (*Id.* at 4, 14.) The Court disagrees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 17-00975 AG (JDEx) | Date | August 11, 2017 |
|---|---|---|---|
| Title | RAHEL ASRAT v. CVS PHARMACY, INC. ET AL. | | |

Consider the Ninth Circuit's decision in *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005). There, the question presented was whether "the burden lies with the defendant to investigate the necessary jurisdictional facts within the first thirty days of receiving an indeterminate complaint, or whether the determination [is] limited to the face of the initial pleading." *Id.* at 693. Adopting a "bright-line" approach consistent with the majority of other courts, the Ninth Circuit held "that notice of removability under [28 U.S.C.] § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Id.* at 694–97. Put another way: If it's unclear from the face of the complaint whether federal jurisdiction exists, then the initial period for removal under 28 U.S.C. § 1446(b) doesn't begin to run. *Id.* at 965. Further, according to the Ninth Circuit, there's no duty imposed on defendants to follow a trail of "clues" and "investigate further." *Id.* at 696.

*Harris* makes quick work of the pending motion. Here, the "four corners" of the complaint didn't "affirmatively" reveal any information about monetary relief. (Compl., Dkt. No. 1-1 at 13–14.) Significantly, the complaint didn't contain enough information for Defendants to persuade this Court, by a preponderance of the evidence, that the amount in controversy was above $75,000. Simply put, the original complaint was "indeterminate," so the case wasn't clearly removable within the first 30-day window. *See* 28 U.S.C. § 1446(b)(1); *see also Harris*, 425 F.3d at 695. Later on, in May 2017, Plaintiff served certain responses to supplement interrogatories that revealed damages exceeding $84,000. (Anderton Decl., Dkt. No. 4 at 1–2, Ex. D.) That document constituted an "other paper from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3); *see also Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013). Defendants then filed a notice of removal within 30 days and, as such, removal was timely. Plaintiff's contrary position is unpersuasive and, what's worse, could encourage "premature and protective" removals and "a cottage industry of removal litigation." *See Harris*, 425 F.3d at 698.

The Court DENIES the motion to remand. (Dkt. No. 18.)

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |